## Encarnacion Sheely v. The State.

### No. 4922.   Decided March 6, 1918.

**1.—Murder—General Reputation—Evidence.**

Upon trial of murder and a conviction of manslaughter, it was reversible error to permit the State to introduce testimony to the effect that it was generally understood in the community that illicit relations existed between the defendant and the wife of deceased, as this was not a case of manslaughter by the husband produced by adequate cause; and while such relations might have been proved, this could not be done by general reputation of the existence of such fact.

**2.—Same—Self-defense—Provoking Difficulty—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, the trial court submitted the question of self-defense limited by provoking difficulty, said charge being evidently based upon testimony that defendant had been intimate. with the wife of deceased and thus provoked the difficulty, and that therefore the defendant forfeited his right of self-defense, the same is reversible error. Distinguishing Reed v. State, 11 Texas Crim. App., 509, and other cases.

**3.—Same—Threats—Charge of Court.**

Where, upon trial of murder and conviction of manslaughter, the evidence disclosed communicated threats by deceased against the defendant, the court's charge should have submitted the law of threats in connection with the theory of self-defense as requested.

Appeal from the District Court of Webb.   Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John L. Dannelley,* for appellant.—On question of threats: Best v. State, 61 Texas Crim. Rep., 551, 153 S. W. Rep., 581; Duke v. State, 61 Texas Crim. Rep., 19, 133 S. W. Rep., 432; Burnam v. State, 61 Texas Crim. Rep., 51, 133 S. W. Rep., 1045; Voight v. State, 53 Texas Crim. Rep., 268, 109 S. W. Rep., 205; Wilson v. State, 81 S. W. Rep., 34.

On question of provoking the difficulty: Young v. State, 53 Texas Crim. Rep., 416, 110 S. W. Rep., 445.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding·Judge.—Appellant was convicted of manslaughter and awarded two years confinement in the penitentiary.

Briefly stated, the case is this:   The State introduced evidence to the effect that the deceased, Sarli, was incarcerated in jail at Cotulla. The facts show that he had been convicted of murder, and on appeal this court reversed the judgment.   Pending another trial and while in ·

jail his wife, in the town of Cotulla, ran a restaurant. Appellant was a barber, his shop being a short distance from the restaurant of deceased's wife. There was evidence introduced by the State showing or tending to show illicit relations between appellant and wife of deceased while he was in jail. On change of venue deceased's case was transferred to Laredo, Webb County, where he was awarded an acquittal. Information had been conveyed to deceased while in jail of the supposed illicit relations between appellant and his, deceased's, wife. Deceased made threats against the life of appellant supposedly on account of these matters. These threats were communicated to appellant. When the deceased was released from jail either upon the first or second meeting with appellant a difficulty ensued in which deceased lost his life. The immediate facts, substantially, show that deceased was sitting in a pool room having his shoes shined when appellant and another party appeared in the door of the pool hall. They stood at the door, appellant leaning against the right-hand side of the door. Upon discovering the presence of appellant deceased made some insulting remarks, also informing appellant this was where he wanted to get him, and that they were going to settle their troubles now. He reached in his pocket, got out his knife and held it in his hand on his lap, saying to the boy shining his shoes to be quick about it. Whether deceased was getting up or in the act of getting up is left in doubt. Appellant walked to a pool table, picked up a ball and threw it supposedly at deceased. It struck the boy who was shining his shoes. Deceased with his knife rushed upon appellant, and the shooting occurred. There is an issue as to the intimate relations between appellant and wife of deceased sharply controverted. Appellant and the woman both swear positively that such relation did not exist and had not existed. When deceased's case was changed on venue from Cotulla to Laredo, Webb County, it seems that the wife of deceased and Sheely also went to Laredo. The acts of the parties immediately connected with the killing are in controversy. There is evidence showing that deceased did not have a knife. This is a sufficient statement of the case to dispose of the questions involved.

There are several bills of exception reserved to the introduction of testimony by the State to the effect that it was generally understood in the community of Cotulla that the illicit relations existed between appellant and deceased's wife. In other words, the general reputation as to the existence of this fact was introduced over objections of appellant. There is another bill also reserved to the refusal of the court to exclude this testimony after it had been admitted. These exceptions should have been sustained and the testimony excluded. Such illicit relations can not be shown by general reputation. This is not a case of manslaughter by the husband produced by adequate cause under the statute with reference to that offense. If such relations existed it might be proved, but the general reputation of the existence of such fact is not admissible testimony. This was error for which this judgment must be reversed.

The court submitted the question of self-defense limited by provok-

ing a difficulty. The charge with reference to this is based upon the idea that inasmuch as appellant had been intimate with the wife of deceased, that he thus provoked the difficulty which later occurred between the parties, and, therefore, appellant forfeited his right of self-defense, and under such circumstances he would be guilty of manslaughter. · We do not understand this to be the law. This does not come within the rule laid down with reference to imperfect self-defense as enunciated by this court in Reed v. State, 11 Texas Crim. App., 509, and Franklin v. State, 30 Texas Crim. App., 628. It is unnecessary to go into a discussion of those cases. They speak for themselves, and show that the deceased husband was killed by the paramour of deceased's wife, and that the tragedy began by finding the accused in the room of the wife. This case is not analogous to the proposition enunciated in those cases. The general proposition may be correctly stated as Mr. Branch puts it in section 464 of his Criminal Law, as follows: "If he, the slayer, provoked the combat or produced the occasion in order to have a pretext for killing his adversary, or doing him great bodily harm, the killing would be murder, no matter to what extremity he may have been reduced in the combat. But if he, the slayer, provoked the combat or produced the occasion without any felonious intent,—intending, for instance, an ordinary battery merely,—the final killing in self-defense will be manslaughter." The authorities are collated by Mr. Branch. It is unnecessary to burden this opinion with citations. It will be noticed that in order to have a pretext for injuring the party at whom the provocation is directed, it must be done for that purpose. Applying the test of these authorities to the case in hand, there would seem to be no just reason for sustaining the proposition that if appellant had intercourse with the wife of deceased it was for the purpose of provoking deceased into a contest of any sort. In fact, the inference would naturally be the other way; that it was not intended to provoke a difficulty, not only so but it was not intended the husband should be aware of the fact. In any event there is nothing to indicate in the facts of this case that if appellant had intercourse with the wife of deceased that it was done with any intention to provoke him into a difficulty. This intercourse had occurred if at all months before the killing and while deceased was in jail, and under such circumstances that deceased was not in position to be provoked into a difficulty. It must be remembered always in cases of this sort that it is the accused who is being tried and not the deceased. Had deceased killed appellant on account of illicit relations between appellant and his wife we would have a different proposition. The whole case would have changed front so far as the trial under the facts are concerned. There was nothing that occurred at the time of the homicide on the part of appellant to indicate to deceased that he had had intercourse with his wife, with or without the purpose of provoking him into a difficulty. In fact, the matter was not mentioned unless it be inferred by the remark of deceased that he had him now where he wanted him and they were going to settle their trouble. The court was in error in submitting the case

as indicated and in limiting his right of self-defense on account of such intercourse, had it existed.

There is another question that requires a reversal. Threats were shown to have been made by deceased and communicated to appellant. The court not only failed to charge the law of threats, but refused a special requested instruction. In this there was error. Appellant was entitled to a charge upon the law of threats in connection with his theory of self-defense.

For the reasons indicated this judgment is reversed and the cause remanded.

*Reversed and remanded.*