## Young Williams v. The State.

### No. 6064.  Decided January 26, 1921.

**Intoxicating   Liquors—Manufacture—Equipment—Insufficiency   of   the   Evidence.**

Where, upon trial of a violation of Article I, Chapter 78, Acts of the Thirty-sixth Legislature, Second Called Session, by the possession of equipment for making intoxicating liquors for unlawful purposes, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawful possession of equipment for making intoxicating liquors; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.—Cited: Bell v. State, 137 S. W. Rep., 675; Keith v. State, 58 Texas Crim. Rep., 418; White v. State, 198 S. W. Rep., 964; Knight v. State, 158 id., 544.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for violation of Article 1, Chapter 78, Acts of the Thirty-Sixth Legislature, 2nd Called Session, by the possession of equipment for making intoxicating liquors for unlawful purposes.

There was found in the possession of the appellant five gallon cans, some copper pipe, and a barrel containing "mash," made of bran and meal mixed with water, which was in the state of fermentation.   There was also evidence that these articles could be used in making intoxicating liquors, but success could not be attained without certain other articles.

The appellant testified that the cans, and copper coil belonged to him and that they were for the purpose of making whisky, but that his efforts to bring about that result had failed; that the "mash" found was for feeding hogs.

The appellant complained of the court's charge and requested a special charge which was designed to direct the attention of the jury to the fact that it was incumbent upon the State to prove that the possession of the equipment was not for the manufacture of intoxicating liquor for one of the purposes for which, under the law, it might be lawfully made.   The main charge, we think, sufficiently embodied the matter referred to.   In fact, it is far more specific in this respect than is the proof.   We observe from the statement of facts that the "county

attorney introduces in evidence the following written confession signed by the defendant, Young Williams." The confession, however, is not in the statement of facts. It possibly supplied the omission if it was, in fact, introduced. As the record before us appears, however, we think the proof is not made with the requisite degree of certainty that the appellant possessed equipment to manufacture intoxicants for unlawful purposes. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*