James Thomas v. The State.

No. 6148.    Decided March 9, 1921.

Rehearing Granted March 30, 1921.

**Manufacturing Intoxicating Liquors—Sentence—Practice on Appeal.**

In the absence of a sentence in the record on appeal, this court is without jurisdiction to consider the merits of the case, and the appeal must be dis-

missed. However, on motion for rehearing, it appearing to the court that the record was corrected, and there was no evidence that the equipment pososessed by the defendant was for the purpose of manufacturing intoxicating liquors for unlawful purposes, the conviction cannot be sustained, a charge having been requested and refused. Following Williams v. State, recently decided.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of having possession of equipment for unlawfully manufacturing intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.—Cited cases in opinion.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for violation of the law prohibiting the possession of equipment for manufacturing intoxicating liquors except for certain named purposes. Punishment is fixed at confinement in the penitentiary for one year.

There is no sentence in the record, in the absence of which this court is without jurisdiction to consider the merits of the case. (See Article 856, Code of Criminal Procedure).

The appeal must be dismissed.

*Dismissed.*

ON REHEARING.

March 30, 1921.

MORROW, PRESIDING JUDGE.—Appellant was charged with possession of equipment for manufacturing intoxicating liquors for other than the lawful purposes named in the statute. (Art. 1, Chap. 78, Acts of the Thirty-Sixth Legislature, Second Called Session.) Appellant introduced no testimony.

There were found upon his premises a two-burner oil stove sitting under the edge of the house; two or three tubs setting in the yard, also a five-gallon keg, each containing what looked like sour mash; and a thirty-gallon barrel with some sour mash in it, amount not stated. He also had two buckets of whiskey, or what looked like whisksy and smelled like whiskey, but the size of the buckets is not stated. The articles, according to the testimony, could have been used in making corn whiskey but not without the addition of other utensils such as coil, pipe, and things of that kind.

If the evidence is sufficient to show that the possession of the equipment, within the meaning of the statute, upon which we express no opinion, the record does not contain evidence which would meet the obligation upon the State to show by evidence, circumstantial or otherwise, that the equipment possessed was for the manufacture of intoxicating liquors for unlawful purposes.

The court erred in failing to give a special charge requested to this effect. Tomas Burciago v. State, 88 Texas Crim. Rep., 576; Williams v. State, recently decided, 227 S. W. Rep., 316.

The dismissal heretofore ordered is set aside and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*