## J. T. HARDAWAY V. THE STATE.

### No. 6485.   Decided January 4, 1922.

**1.—Intoxicating Liquors—Manufacture—Constitutional Law.**

The so-called Dean Anti-liquor Law is not unconstitutional and does not conflict with the Eighteenth Amendment of the Federal Constitution.  Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

**2.—Same—Exculpatory Statement—Rule Stated—Confession.**

Defendant's position that the prosecution having introduced the written statement which he made in the nature of a confession, its exculpatory features are binding upon the State unless shown to be untrue, is well taken.  Following Pratt v. State, 50 Texas Crim. Rep., 231, and other cases.

**3.—Insufficiency of the Evidence—Burden of Proof.**

The State's burden was to prove that the appellant had manufactured whisky and this was not discharged by the mere proof that he possessed equipment therefor.  This was but a circumstance.  Following Cheatham v. State, 57 Texas Crim. Rep., 442.

**4.—Same—Circumstantial Evidence—Insufficiency of the Evidence.**

Tested by the rules of circumstantial evidence, the testimony in the instant case does not prove the defendant's explanation and denial untrue, nor does it prove that he made intoxicating liquors, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Upshur.   Tried below before the Honorable J. R. Warren.

Appeal from a conviction of the unlawful manufacture of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Simpson, Lasseter & Gentry,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The phase of the statute upon which the conviction rests is not rendered invalid by the Act of Congress enforcing the Eighteenth Amendment to the Federal Constitution.   Ex parte Gilmore, 88 Texas Crim. Rep., 529.

Equipment suitable for the manufacture of whisky was found upon the farm of the appellant.   He did not testify as a witness, but a written statement signed by him in the nature of a confession was introduced by the State, in which he admitted his connection with the equipment mentioned.   He said that it was incomplete but that he intended

to complete it and use it in making whisky. From his statement, we quote:

"I have never made any whisky, but was fixing to try to make it at the time the officers came to my house."

He assumes the position that the prosecution having introduced the written statement, its exculpatory features are binding upon the State unless shown to be untrue. This is a rule that finds support in many cases. Pratt v. State, 50 Texas Crim. Rep., 231; Pratt v. State, 53 Texas Crim. Rep., 290; Jones v. State, 29 Texas Crim. App., 21; Combs v. State, 52 Texas Crim. Rep., 617; Bishop's New Crim. Law, 2nd Ed., Vol. 2, Sec. 1241; Pinckens v. State, 86 Texas Crim. Rep., 659; Wool v. State, 83 Texas Crim. Rep., 128, 201 S. W. Rep., 1002; Sharp v. State, 81 Texas Crim. Rep., 256; Menefee v. State, 67 Texas Crim. Rep., 201.

The State's burden was to prove that the appellant had manufactured whisky. This was not discharged by the mere proof that he possessed equipment therefor. The possession of the equipment in the instant case was a circumstance favorable to the State, but the mere intent and preparation to manufacture liquor does not constitute the offense charged. Cheatham v. State, 57 Texas Crim. Rep., 442; Pratt v. State, 50 Texas Crim. Rep., 227; Cyc. of Law & Proc., Vol. 12, p. 177; Code of Crim. Proc., Art. 772.

There was found a small quantity of liquor which the witness Brice said was whisky. He claimed that it was found by the witness Hogg. Where it was found is not stated by either Brice or Hogg, who was also a witness. The bottle is described as a catsup bottle; the stopper, a corn-cob with a rag around it. Brice said: "It smells like coal oil a little bit, but it is corn whisky." The quantity was not more than two ounces. According to the State's witnesses, the bottle had previously contained oil; and the percentage or proportion of alcohol in the bottle was not within the knowledge of the witness.

The State relied upon circumstantial evidence alone, and the jury was so instructed.

Aside from the two ounces of liquor mentioned, no whisky or other intoxicants were found so far as the evidence reveals. As stated, the State proved the explanation made by the appellant of his possession of the mash and equipment, and his denial of the manufacture of the whisky. Tested by the rules of circumstantial evidence, the testimony does not, in our opinion, prove his explanation and denial untrue, nor does it prove that he made intoxicating liquor. From his denial, proved by the State, the hypothesis of innocence affirmatively appears. In our opinion, it was not overcome.

For that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*