## WASHINGTON v. STATE.     (No. 6878.)

(Court of Criminal Appeals of Texas.     April 12, 1922.     On the Merits May 3, 1922.)

1. Criminal law ⬅1023(9)—In any offense less than capital, sentence is a prerequisite to appeal.

Under Vernon's Ann. Code Cr. Proc. 1916, art. 856, after conviction of any offense less than capital, sentence is a prerequisite to an appeal.

#### On the Merits.

2. Homicide ⬅310(3)—Submission of issue of assault with intent to murder to jury held proper under evidence.

Where defendant gave another person 27 wounds with a knife, two of which were of such a character that, if inflicted in other portions of the body, might have resulted in death, the submission of the issue of assault with intent to murder to the jury was not error.

3. Homicide ⬅257(1) — Evidence held sufficient to support a verdict of guilty of assault with intent to murder.

In a prosecution for assault with intent to murder, evidence *held* sufficient to support a verdict of guilty.

Appeal from District Court, Galveston County; Robert G. Street, Judge.

Malinda Washington was convicted of assault with intent to murder, and she appeals. Affirmed.

Henry O'Dell, of Galveston, for appellant. R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for assault with intent to murder. Punishment, five years' confinement in the penitentiary.

[1] The record before us is without sentence. After conviction of any offense less than capital, sentence is a prerequisite to an appeal. See Article 856, Vernon's C. C. P., and authorities collated thereunder; Thomas v. State, 89 Tex. Cr. R. 106, 230 S. W. 156.

In the present state of the record this court has no jurisdiction to review the case, and the appeal is dismissed.

#### On the Merits.

At a former day of the term the appeal was dismissed because the transcript showed no sentence. That has been corrected in a supplemental transcript. The appeal is reinstated, and the cause will now be considered on its merits.

Appellant was convicted of assault with intent to murder one Willie Jones, and her punishment assessed at five years' confinement in the penitentiary.

[2, 3] The only complaints made are: First, that the issue of assault with intent to murder should not have been submitted to the jury at all; and, second, that the verdict of the jury is not supported by the evidence—both of which bring in review the sufficiency of the evidence.

Appellant and Willie Jones were negro women living next door to each other. Their relations were not very pleasant. Willie had made complaint to the officers that appellant had been making threats against her, and offering to do her violence upon more than one occasion, and also had complained to the party from whom both rented about the conduct of appellant toward her. At the time of the alleged offense Willie claims that appellant, without any cause, made an assault upon her with a knife, in which she received many wounds, resulting in her remaining in the hospital for several days. Appellant, on the other hand, claims that Willie was the instigator of the trouble, and that, without provocation on appellant's part, she threw the contents of a slop jar in her face, whereupon appellant made an effort to get away, and that Willie herself commenced the fight by cutting appellant, and that she (appellant) only used her knife in self-defense. The physician who was called to treat prosecutrix found upon her forehead, neck, arms, back, and front of her body 27 wounds, most of them being "slashed" wounds, and not stabs; one in the upper right arm was a stab wound about one-fourth or three-eighths of an inch long, and extending down into the muscles about one and one-half inches; another wound on her right forearm was a very deep cut, extending into and severing some of the muscles; the other wounds were superficial being only through the skin and the tissues under the skin. Prosecutrix remained in the hospital 9 or 10 days. The wounds were not calculated to produce death, but that in her arm might result in lessening the use thereof.

There is no description of the knife further than that it was a pocket knife with a small blade. Appellant contends that there was no such description of the knife as to authorize the jury to determine that the same was a deadly weapon, or to presume that she was using the same with an intent to kill. The two wounds described particularly by the physician were of such a character as, if inflicted in other portions of the body, might have resulted in death, and the jury were authorized to draw conclusions from the wounds inflicted as to the character of the knife used. The evidence shows that 27 wounds upon different parts of the body were inflicted by appellant. The evidence would have perhaps made pertinent a charge of article 1147, P. C., providing that:

"The instrument or means by which a homicide is committed are to be taken into consideration in charging of the intent of the party offending; if the instrument be one not likely to produce death, it is not to be presumed

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that death was designed, unless, from the manner in which it was used, such intention evidently appears."

We find no complaint because of the omission of said article from the charge, nor any special charge requested to that effect. The issue of assault with intent to murder, aggravated assault, and self-defense were all submitted. We cannot say the court was in error in having submitted the issue of assault with intent to murder, or that the verdict finding appellant guilty thereof is without support. If the jury had accepted appellant's version of the difficulty, they would doubtless have returned a verdict of not guilty. We are not authorized to set a verdict aside where there is sufficient evidence upon which to base it.

The judgment of the trial court must be affirmed.