### WALLACE BLAND v. THE STATE.

No. 7067. Decided October 25, 1922.

Rehearing Denied November 29, 1922.

1.—Manufacture of Intoxicating Liquors—Charge of Court—Character of Liquor—Whisky.

Proof that the alleged liquor was whisky, would establish the fact that it was intoxicating without further inquiry, and it was unnecessary that a specific charge be given to the jury to determine whether it was intoxicating.

2.—Same—Evidence—Character of Liquor.

Where the testimony of the witness sufficiently connected the occasion with that testified to by another witness to render it competent as a circumstance bearing upon the nature of the article made, the same was admissible in evidence.

3.—Same—Withdrawal of Testimony—Practice in Trial Court.

Where the State's witness testified that after seeing the still and having conversation with defendant he went to a field and saw his companion and together they went back to the still, the court was not in error in refusing the withdrawal of this testimony.

4.—Same—Co-Conspirator—Declarations—Third Party Declaration.

Where the declarations of a co-conspirator and third party in the presence and hearing of defendant implicated the latter but invoked from him no denial of his guilt, but on the contrary such part as he took in the conversation tended to confirm his connection with the illegal manufacture of whisky, there was no error in admitting same in evidence.

5.—Same—Rehearing—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquors, the evidence sustained the conviction, and there were no exceptions to

the court's charge, nor exceptions to refusals to give requested charges, there was no reversible error; and it was not necessary to show that the defendant was the principal actor in such manufacture, etc.

Appeal from the District Court of San Augustine. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*E. T. Anderson*, and *D. M. Short & Sons*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

Davis testified that on the 9th day of May, 1921, while he was hunting, he met the appellant in the woods and conversed with him for about fifteen minutes; that he saw smoke boiling up, four barrels and something that looked like an oil-tank, and a long trough near the oil-tank. Raymond Coulter and Wallace Bland came out of the woods with a load of pine. The witness said: "Raymond, I have got you," and he said, "Yes, G—d d—n it; you have got me. Yes, G—d d—n it, you have got us. Get down and come over and look at it." When the witness got there he said: "What is that in the barrels there?", to which Raymond replied: "That there is beer of some kind, or brew that they made shinny out of, and the other outfit is what they put it in to cook it off." There was a barrel of water that they ran it out of and there was a cup sitting in front of the barrel. The witness sat there and looked and talked with Raymond. He said that his whisky never bothered his kids because he sold it all back the other way. The witness then asked him if he knew it was against the law to sell the stuff, and he said: "Yes, he knew that, and he always wanted his boys to do better than he did, and he said he was going to quit it before his boys got big enough. He also said that four barrels would make sixteen gallons, and that it would take until morning to boil it off." The witness started to go, when Raymond said: "No, stay there a while and we would have something to drink." The witness told him, "No," but he said, "If you will go to the house, I have got a gallon up there, and I will give you a drink." Raymond Coulter said that he had made a little and had six gallons left; that he had sold two gallons and drank a gallon; that he sold it for four dollars a quart. Bland told the witness to stay awhile, and it (the whisky) would be better and it would soon run off. The witness went back over there that day and saw

Wallace Bland again. He and Raymond Coulter were sitting on the edge of the hill. Raymond was with the witness to see some negroes and Wallace Bland remained at the still. When the witness first went there, Wallace Bland came with a load of pine; that he saw him do nothing except put some pine under the boiler. There was a fire, and the still was in operation.

The witness Andrews testified that a small quantity of the liquid was tasted and smelled by him and that it tasted and smelled like whisky. Apparently there was sufficient evidence to justify the jury in finding that the appellant Bland and Raymond Coulter were engaged in manufacturing whisky. If this be correct, it was unnecessary that a specific charge be given the jury to determine whether it was intoxicating. Proof that it was whisky would establish the fact that it was intoxicating without further inquiry. Aston v. State, 49 S. W. Rep., 385; Mayo v. State, 136 S. W. Rep., 790; Uloth v. State, 48 Texas Crim. Rep., 295; Rutherford v. State, 49 Texas Crim. Rep., 21; Words & Phrases, 2nd Series, Vol. 2, p. 1182.

The testimony of Andrews sufficiently connects the occasion with that testified to by the witness Davis to render it competent as a circumstance, bearing upon the nature of the article made. Andrews, in his testimony, states a date identical with that mentioned by Davis and says that at the time he saw the jug containing the liquid which he described as "smelling and tasting like whisky," he saw Davis at the Burrus' Place in San Augustine County.

Davis testified that after seeing the still and having the conversation, which has been detailed, he went to a field and saw Andrews, and together they went back to the still. The court was not in error in refusing to withdraw this testimony from the consideration of the jury.

Complaint is made of the refusal of the court to exclude that part of Davis' testimony which details the conversation with Raymond Coulter. In approving the bill making this complaint, the trial judge says that no objection was made to the introduction of this testimony, and it appears from the bill that in connection with this explanation by the trial court, the first time it was challenged was in a special charge requesting the court to exclude it. The declarations of Coulter referred to in the bill apparently were made in the presence of the co-conspirator Bland at the time and place where they were jointly operating a still for the purpose of manufacturing the liquor in question and while the liquor was in process of making. His declarations, it seems, would not have been inadmissible, especially as they were made directly in the presence of Bland and at the time the fire which he had replenished and which was used in cooking the liquid they were making was burning. Coulter at the time of making the declarations was in possession at the still of the fruits of the crime, that is, the still and machinery with which they were making it and

· such of the liquid as there.  His co-conspirator was also in posses-
sion and was present at ·the time.  The declarations of Coulter im-
plicated Bland and invoked from him no denial of his guilt, but on
the contrary, such part as he took in the conversation, tends to con-
firm his connection with the manufacture of the whisky.  We have
been referred to no precedents and are aware of none which would.
under the circumstances detailed, justify us in declaring the action
of the trial court, as revealed by the bill, erroneous.

A special charge requesting the submission of the law of circum-
stantial evidence was requested, but it does not appear that any
exception was reserved to its refusal.

Finding no error in the record, the judgment is affirmed.

. *Affirmed.*

ON REHEARING.

November 29, 1922.

LATTIMORE, JUDGE.—In appellant's motion for rehearing it is
urged that the evidence is not sufficient to support the conviction.
A re-examination of the statement of facts makes it evident that when
the principal State witness reached the scene of the alleged manu-
facture of intoxicating liquor that appellant was present, intoxicating
liquor was in process of manufacture, a fire was burning under a
boiler, appellant was approaching with ·a load of pine wood.  The
white man who was with him later put some of said wood on the fire.
The apparatus visible at the place was described by the witness, the
working of said apparatus was explained to witness by the white man
in the presence and hearing of appellant; later appellant asked said
witness to remain at the place a while, and "it would be better."
and "it would soon run off."  Later in the day said witness returned
to the place and appellant was still there sitting beside the other man
mentioned.  This other man went with witness away from said place,
leaving appellant there at· the still.  We would not feel inclined to
hold that these facts present a record so destitute of sufficient testi-
mony as to make it appear that the verdict of guilt was without
support.  There were no exceptions to the court's charge.  A special
charge submitting the law of circumstantial evidence was refused, but
as far as the record discloses such refusal was not objectionable to
appellant, as there appears no notation by the trial court on said
refused charge of the fact of any exception, nor is such refusal made
the subject of a separate bill of exceptions.  Nichols v. State, 91
Texas Crim. Rep., 277, 238 S. W. Rep., 232; Barrios v. State, 83
Texas Crim. Rep., 548, 204 S. W. Rep., 326; Fry v State, 86 Texas
Crim. Rep., 73, 215 S. W. Rep., 560.  We seriously doubt any possible
injury from the refusal of such charge in any event in view of the
facts above mentioned.  To constitute guilt of the manufacture of

said liquor, it would not be necessary to show that the liquor or the apparatus belonged to the accused, nor that he was the principal actor in such manufacture, nor that he personally did each thing necessary to convert the raw material into the finished product. His presence and proof of the actual performance by him of any act necessary in the manufacture, would meet all the requirements of the law of principals.

Being unable to agree with appellant in his motion for rehearing, same will be overruled.

*Overruled.*