WESLEY CRAMER v. THE STATE.

No. 7204.   Decided November 22, 1922.

Rehearing denied January 10, 1923.

**1.—Manufacturing Intoxicating Liquors—Insufficiency of the Evidence.**

Where, upon trial of the unlawful manufacture of intoxicating liquor, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

**2.—Same—Circumstantial Evidence—Insufficiency of the Evidence—Other Evidence Available to the State.**

Not having introduced evidence that was manifestly available to the State, to show that the articles which were susceptible of an innocent use, were in fact so assembled and connected as to overcome the presumption of innocence, and the evidence being entirely circumstantial, the conviction could not be sustained. Following Taylor v. State, 87 Texas Crim Rep., 337, and other cases.

**3.—Same—Rehearing—Insufficiency of the Evidence.**

The prosecution of one for a violation of the liquor law is a felony, conviction for which entails confinement in the penitentiary; and one charged with such offense is entitled to the same reasonable quantum of proof as one charged with any other felony, and the evidence being insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

Appeal from the District Court of Brazos. Tried below before the Honorable W. C. Davis.

Appeal from a conviction of unlawfully manufacturing intoxicating liquors; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Cocke & Gribble,* for appellant.—Cited: Coleman v. State, 220 S. W. Rep., 1097.

*R. G. Storey,* Assistant Attorney General, and *J. G. Minkert,* County Attorney, for the State.

. MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

From the State's evidence, it appears that under a search warrant the premises of the appellant were examined and there was found a can, some pipe, some jugs, two or three little barrels of mash, a trough, some bottles and different other things. "There was something in the jug." These were exhibited to the jury. The mash was made of water, syrup and meal.

It was shown that sometime prior to the search, appellant brought a can which the witness described as a "slop-can" and had a little piece soldered on the top of it. This can was identified as one of the articles found under the search warrant. At the time the can was repaired or the piece soldered on it, the witness asked the appellant if he intended to make whisky. To this he made no reply.

One witness testified that he tasted some of the articles in the jugs and that in his opinion, it was capable of producing intoxication. He did not swallow any of it but took a little inside his lips and then spit it out. It had the taste of whisky.

We regard the evidence as inadequate to support the conviction. It may be that the articles which were found in the possession of the appellant were such as might have been assembled into a still and

used for the purpose of manufacturing intoxicating liquors.   There was no testimony, however, to this effect.   There is no suggestion in the record that they were assembled in a manner that would fit them for the manufacture of liquor.   Each of the articles mentioned  in the testimony might have been used for an innocent purpose.   There was a can described by the tinner as a "slop-can."   It was brought to the tin-shop and a little piece was soldered on top of it.   There was no further description of this can.   There was a pipe and trough.   Neither was further described.     There were three little barrels of mash. Whether the contents of the jugs were made of this mash or might have been made of it is not revealed.   The quantity of the article found in the jugs is not given.   It is not even stated whether it was fluid or not.

The State relies on circumstantial evidence alone.   If the articles found were capable of being assembled into a still or were assembled into a still; if there were any means of boiling, heating or condensing; if the so-called mash was capable of making intoxicating liquor; if the articles in the jugs were spiritous liquors such as might have been made of the mash, the evidence to establish these facts was at the command of the State.   Inferences from the absence of evidence which is available to the State are not to be drawn against the accused in a criminal case.   Walker v. State, 83 Texas Crim. Rep., 490; Taylor v. State, 87 Texas Crim. Rep., 337.   Not having introduced evidence that was manifestly available to show that the articles which were sus-ceptible of an innocent use, were in fact so assembled and connected as to overcome the presumption of innocence and the evidence being otherwise subject to the weaknesses pointed out, we are constrained to hold that the trial court was in error in refusing to grant a new trial.   On similar facts, see Williams v. State, 88 Texas Crim. Rep.. 402. 227 S. W. Rep. 316; Hardaway v. State, 90 Texas Crim. Rep., 485. 236 S. W. Rep., 467.

The judgment is reversed and the cause remanded.

*Reversed and remanded*

ON REHEARING.

January 10, 1923.

LATTIMORE, Judge.—The State has filed a motion for rehearing insisting that the evidence is sufficient to support the verdict.   The written motion was supported by an able oral argument by the county attorney of Brazos County.   We have again carefully examined the record and considered each bit of the testimony.   It is very short. The sheriff testified that on the occasion in question he went to ap-pellant's house and there found a can, some, pipe, a jug, three little barrels of mash and a trough.   Mr. Martin testified that he went with the sheriff and that they found on appellant's premises this can, some pipe, a trough and a jug.   Mr. Harvey testified that he went with the

sheriff and that they found a trough, a pipe, some mash, a jug, a boiler and some bottles. Mr. Jahn testified that prior to his arrest appellant brought him a can and wanted him to solder a little piece on the top of it, which he did. Mr. Covey testified that Jahn worked for him, and that he saw appellant at his place in December with a can which he wanted John to do some work on; that he asked appellant if he was going to make whisky with the can and the appellant made no reply. That the next week he heard that appellant was caught. This witness tasted the contents of the jug found on appellant's premises and said it was intoxicating.

We have reproduced the testimony above. No witness testified that the articles in question could be put together or that they were in any way joined or connected, or that all or part of them could be used for the manufacture of intoxicating liquor. No witness testified that there was any odor of whisky about the pipe, the can, the trough or any other of said apparatus except the jug. Nothing was said about the condition of the mash that was found. If there had been any fire under the can or same exhibited any evidences of that fact, it does not appear in the record. What kind of top Mr. Jahn put on the can is not in evidence, whether it had a hole in it or whether it was such as a pipe could be fitted to it; whether the trough in question gave evidence of having beeu used for any purpose, and if so, what. It is argued that some things must be left to a jury. This is true, but enough must be put into a record to enable this court to at least say that a case was made out. A jug of some kind of liquor might be found upon the person of one charged with transporting intoxicating liquor. This jug might be had in the presence of the jury upon such trial and the jurors might taste the contents of it and know from its taste and appearance that it was intoxicating, and might thereupon find such accused guilty; but unless there appear in the record on appeal the testimony of some witness to the fact that such liquor was intoxicating, this court would have no option but to reverse.

In the instant case the State had easily within its power testimony as to the odor, if any, of the pipe, the trough, the can; might easily have shown what kind of a top was soldered upon the can and whether it in conjunction with the pipe, etc., was capable of manufacturing intoxicating liquor. It might have been shown that the can in question was such as could be used or that it had upon it evidence of having been used for the purpose of boiling off its contents. None of these facts appear in the record. It is evident that appellant had gotten the can a very short time before his arrest. Mr. Covey said it was a week before. In the condition of this record appellant's possession of the mash appeared to be the only circumstance pointing toward his purpose in having the things testified about. The presence of this mash would indicate that it was contemplated that it should be

used for some purpose, but unless there be other evidence showing that this purpose had materialized prior to the time he was arrested, and that such purpose was illegal, the evidence would not be sufficient. The prosecution of one for a violation of the liquor laws is a felony, conviction for which entails confinement in the penitentiary, and one charged with such offense is entitled to the same reasonable quantum of proof as one charged with any other felony, and as much care should be exercised in making out the case as when there is a charge of any other kind of felony. It is easily possible that upon another trial the State may make out its case from the testimony which it must have in its possession.

The State's motion for rehearing is overruled.

*Overruled.*