## WALTER DIRDEN v. THE STATE.

No. 7328.   Decided January 24, 1923.

Rehearing denied February 21, 1923.

1.—Unlawfully Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction, there is no reversible error.

2.—Same—Indictment—Practice in Trial Court.

Where the indictment conformed to the provision of the statute as it read at that time, there was no error in overruling a motion to quash; nor did the court err in declining to instruct a verdict of acquittal.

3.—Same—Hearsay Evidence.

The refusal of the court to permit a witness to testify that another had told him that he lived at defendant's home was correctly rejected as hearsay, as also as to whether witness knew by general repute where a third party lived.

**4.—Same—Argument of Counsel—Bill of Exceptions.**

Where the bill of exceptions complaining of argument of State's counsel was neither signed nor approved, the same cannot be considered on appeal.

**5.—Same—Rehearing—Sufficiency of the Evidence.**

In the opinion of the court appellant himself makes out a case against some one for the manufacture of the whisky found in his barn together with the apparatus for making it, and although defendant attempted to lay this on another person the jury nevertheless found him guilty, and there is no reversible error.—Distinguishing Hardaway v. State, 90 Texas Crim. Rep., 485, 236 S. W. Rep., 476; Thomas v. State, 89 Texas Crim. Rep., 106, 230 id., 156; Williams v. State, 88 Texas Crim. Rep., 402, 227 id., 316.

Appeal from the District Court of San Jacinto. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Fuller & Fuller, H. S. Lilley,* and *M. E. Gates,* for appellant.—Cited: Cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The sheriff and some other witnesses testified to circumstances sufficient to support the verdict. They found at the home of the appellant an apparatus for making whisky and also a quantity of whisky. This testimony was fortified by other circumstances sufficient to support the verdict.

The appellant and his wife both testified. The wife testified that she had never seen the appellant make any whisky or seen any liquor around the place; nor had she seen the apparatus which was identified by the sheriff as having been found upon the premises. On cross-examination, however, she said that she had seen a tub sitting in the yard with some holes cut in it; that she had not been out in the crib for several weeks and had not seen any whisky there. She knew that there were some barrels there, but she learned that one of them contained chops; that her husband had told her that there was some whisky in the barn; that a man by the name of Holliday lived nearby and that he had brought the articles there and wanted to leave them but that her husband objected to his doing so.

The appellant testified that he had not manufactured any liquor, nor had anything to do with it; that Holliday brought the stuff and placed it there in his barn in the evening before the officers found it the next morning; that Holliday asked permission to do so, but that appellant objected and that Holliday said he would take it away very

soon. Appellant then agreed that it be placed in the barn upon the condition that it would be removed promptly. Holliday had been gone away for some time and that the day before the premises were searched, he came back and brought the articles which were described by the sheriff.

The offense was charged to have been committed in July, 1921. The indictment conforms to the provisions of the statute as it read at that time. There was no error in overruling the motion to quash; nor did the court err in declining to instruct a verdict for the accused.

In Bill No. 3 complaint is made of the refusal of the court to permit the witness Dolive to testify that he had had a conversation with Chester Holliday; that Holliday had told him that he lived at the appellant's home. The court correctly ruled that this was hearsay. Neither was there error in sustaining objection to the question propounded by the appellant's counsel to the witness Dolive, which question was whether he knew, by general repute, where Holliday lived. This bill does not show what objection was made, nor what the answer would have been. No error is disclosed.

Bill of Exceptions No. 5 complains of the argument of the prosecuting attorney. The bill is not signed nor approved, and therefore it cannot be considered.

We find no error in the record. The judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

February 21, 1923.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing supported by supplemental citation of authorities urging that the evidence in this case is not sufficient. We have again reviewed the facts. The officers went to appellant's premises on a certain day. As they approached he was on his porch, but when they stopped their car he went in the house and notwithstanding they went in at once and searched the premises, they could not find him. Flight has always been considered an evidence of guilt. The officers found a tub with two smooth holes in it directly opposite each other, and also found a can with evidences of use consisting of smoke and fire stains, mash sticking to the upper and lower parts of the can, paste around the upper edges of the can and a sour odor as of fermented mash. They also found several barrels with some sour mash in them, and found seven gallons of whisky. The sheriff testified that the apparatus found could be used in making whisky, that is that a top could be put on the can and it be made air tight by means of the paste, and that the holes in the side of the tub could be utilized for the exit and entrance of a pipe through which the condensed steam could escape. Appellant gave some illuminating testimony with regard to the apparatus in

question and the liquor.  The sheriff had testified that the seven gallons of whisky found by him was home-made and not store bought whisky.  Appellant on the stand in his own behalf said that one Chester Holliday brought whisky and other paraphernalia to his house the day before it was found by the officers, and that he objected to Chester leaving them, and that the reason he fled when the officers came was because he was excited and knew that the whisky and paraphernalia were there and he was afraid he would be implicated in it.  Appellant said that the day before the search Holliday came and brought this stuff and put it in his barn,  .  .  .  that he knew that stuff was there, 'that fellow had put it in there and I was afraid it might implicate me and it excited me very much, I didn't know what to do. I picked up a rope and walked down through the pasture.  .  .  . The first time I ever saw this oil can ·was when Holliday brought it there.  .  .  .  I say that I never did in my life manufacture any whisky; Holliday was making that whisky down on the creek there; .  .  .  as to whether something pointed ·at my back and I could not stand,—well, that is what pointed at me; as to whether that still pointed at me in the back and I ran,—well, I knew it was in the barn,—I was afraid I was going to be implicated.  .  .  .  I say that Holliday put this can there; he brought that can there about three or four days before he brought this stuff; he said he wanted to leave it there for awhile; I did not know what he was going to use it for but I had an idea.  Then he brought this whisky there after he brought the can.  He brought that barrel from down on the creek.  .  .  .  As to whether I never told a single soul about this fellow bringing this whisky and still there, —well, I hadn't seen anybody at that time.  Yes, sir, I told him he could not do it,—I told him I rather he would not do it, it might get me into trouble and he said he would take it out of there right away. Appellant was asked the question if that can having wax on it did not create a suspicion in his mind.  His answer was: "Well, I had an idea what Holliday used the can for; I did not say anything to Holliday about it."

Appellant refers us to certain cases asserted by him to have been reversed by us whose facts in his opinion were as strong or stronger than those under consideration.  Williams v. State, 88 Texas Crim. Rep., 402, 227 S. W. Rep., 316, is referred to.  In that case it was affirmatively shown that liquor could not be made with the articles found upon the premises of the accused, and no liquor was found from which it could be concluded that the articles had been part of a completed still in use.  The case of Thomas v. State, 89 Texas Crim. Rep., 106, 230 S. W. Rep., 156, is also cited.  That case was reversed because of the refusal of an applicable special charge requested.  Hardaway v. State, 90 Texas Crim. Rep., 485, 236 S. W. Rep., 467, is also presented as authority.  In that case the search of appellant's premises disclosed only a two burner stove sitting up by the edge of

the house, some tubs, a keg and a barrel containing mash, two buckets of liquid said to be 'whisky were also found. The charge was manufacturing intoxicating liquor. It would be difficult to conceive how one could be shown guilty of such manufacture simply upon the testimony of the finding in his possession tubs such as might be found around any farm house or other home where washing and other household duties were performed; and a gasoline stove such as is also very commonly used. The suspicious circumstances in the case were the keg and barrel of mash and the two buckets of liquor. This court was of opinion that there should be more conclusive testimony of the fact of manufacture than was reflected by the record.

We are unable to perceive the applicability of either of the authorities to the instant case. In our opinion appellant himself makes out a case against some one for the manufacture of the home-made whisky found in his barn, with the apparatus also found. He attempts to lay it at the door of Chester Holliday. The jury did not agree with his conclusion in this regard but did with his opinion upon the proposition that the whisky had been manufactured. They attributed such manufacture to him, and we are unable to say that their conclusion was without support.

The motion for rehearing will be overruled.

*Overruled.*