### B. E. SMITH v. THE STATE.

No. 8058.  Decided December 12, 1923.

Manufacturing Intoxicating Liquor—Continuance—Motion for New Trial—Insufficiency of Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the State's evidence was not of the most conclusive character, and the trial judge fell into error in refusing to grant the motion for a new trial based upon the refusal to continue the case, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Knox.  Tried below before the Honorable J. H. Milam.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Merchison, J. S. Kendall,* and *James A. Stephens,* for appellant.  Cited, cases in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Lawless owned a farm of 130 acres, two-thirds of which was in cultivation and one-third in pasture.  All, however, was covered with Johnson grass.  The place for the year 1922, if we properly comprehend the evidence, was leased by Lawless to one Jarnigan, who resided on the place at the time of the alleged offense in November, 1922.  The appellant seems to have been occupying one of the two houses upon the premises.

Under a search-warrant his house was searched, and in it was found a quart of whisky described as "white corn whisky," also a dozen and a half fruit jars.  In the pasture, at a distance variously

estimated at from 150 to 400 yards from the house which was at the time occupied by the appellant, and about a mile from the other house, there were found several other containers with whisky in them; also some empty barrels, oil barrels and a copper gasoline tank. The officers found places on the ground where mash had been poured out, which appeared to be mash which might have been used in making the whisky. There was evidence that fires had been built at points near where the whisky and the other property described were found. The State's witnesses testified that the articles found were not capable of making whisky. There were not connected. There was no worm to connect the boiler, and no condenser. The articles found would have been usable as parts of a still, but not sufficient to complete one.

The indictment was filed on the 14th day of February, and the trial took place on the 19th of the same month. The absent witnesses were William A. Harris of Tarrant County and B. Jarnigan, a resident of Throckmorton County. By Jarnigan it was sought to prove that the appellant had no control of the premises on which the property in the pasture described was found, and by Harris, the appellant expected to prove that he had upon his premises no equipment suitable for manufacturing intoxicating liquors. Subpoenas for each of these witnesses had been applied for on the 16th of February, and according to the averments of the motion, had been forwarded to the counties in which the witnesses were charged to have resided. The State controverted the motion for a new trial, based on the refusal of the application, with testimony to the effect that W. S. Britton, sheriff of Knox County and who had been a resident of that county for a number of years, knew no such person as William A. Harris or W. A. Harris, having resided in that county in November, 1922. Two other witnesses gave testimony substantially to the same effect.

The evidence showing that the appellant committed the offense charged is not of the most conclusive character. In fact, it varies in its cogency very little, if any, from that revealed in the cases of Williams v. State, 88 Texas Crim. Rep., 402, and Hardaway v. State, 90 Texas Crim. Rep., 485, wherein the evidence was insufficient to sustain the conviction. At all events, in view of its character, it is believed that the learned trial judge fell into error in refusing to grant the motion for a new trial based upon the refusal to continue the case. If it be conceded that the controverting affidavits touching the witness Harris rendered the probability of securing his testimony so doubtful as to justify the action taken by the trial judge, the same cannot be said of the witness Jarnigan. Other parts of the record reveal that Jarnigan had resided upon the premises of the appellant and that it was under his control. The diligence to secure

his attendance being sufficient, the learned trial judge, after over-ruling the application for a continuance and hearing the evidence, should have granted a new trial. Because of his failure to do so, the judgment is reversed and the cause remanded.

*Reversed and remanded.*