### PAUL HUBNIK v. THE STATE.

No. 8422.   Decided April 30, 1924.

**1.—Manufacture of Intoxicating Liquor—Suspended Sentence—Age of Defendant.**

The appellant being over twenty-five years of age, ·there was no error in the court's refusal to instruct the jury that they had the privilege of recommending a suspension of his sentence.   Following:   Davis v. State, 246 S. W. Rep., 395.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of unlawfully ˙manufacturing intoxicating liquor, it appeared that while the appellant had made preparations to manufacture whisky at some time in the future, and that the apparatus or articles found in his possession at the time of his arrest were not in a condition to be used for that purpose, the same did not prove the guilt of the defendant, and he should have been granted a new trial.   Following:   Cheatham v. State, 57 Texas Crim. Rep., 442, and other cases.

Appeal from the District Court of Milam.   Tried below before the Honorable John Watson.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Chambers, Wallace & Gillis,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant's premises were searched.   There were found in an outhouse a barrel containing a mixture of corn chops and wheat bran with a sweet taste; also a can with a reduced lid which would admit the fitting of a pipe upon it.   There was also a pipe of galvanized iron about a quarter of an inch in diameter; also a galvanized coil which could be fitted onto the pipe first mentioned.   These pipes were capable of being fitted to the top of the can.   They were in the smokehouse in which there was also a heating stove.   The stove was not in a position for use. ˳The articles mentioned were not connected.   The can was filled with cane seed.   None of the articles bore evidence of having been recently used for any purpose other than that the can was used as a container for cane seed, and the articles, if there had been added a coil and apparatus and arrange-

ment for fire, could have been so assembled and adjusted as to be used in the manufacture of whisky. The mixture of corn chops, syrup and sugar found in the barrel, if it had been older and had reached the proper stage, might also have been used for the purpose mentioned. It, at the time, however, was not of sufficient age to be usable for that purpose.

When the appellant was arrested at his house, his wife was seen to put in the oven of the stove an article, which, upon examination, was found to be a quart bottle, half full of corn whisky. Upon these circumstances the State depended for a conviction.

The appellant, his wife and son testified that none of the articles had been used by the appellant or were upon his premises for the manufacture of whisky or any other intoxicating liquor; that the bottle of whisky which was found upon the premises had been purchased for the purpose of making camphor and liniment and partly to drink; a portion had been used for camphor and liniment for medicinal purposes under the advice of a physician for an ailment of the wife of the appellant.

Appellant testified that he had purchased the articles described with the view of at some time making whisky for his own use; that it was needed for medicine for his family; that he had never learned to make whisky and had never done so; that the container found was filled with cane seed for feeding chickens; that the barrel contained feed for his hogs; that the fruit jars on hand were for canning fruit.

The appellant being over twenty-five years of age, there was no error in the court's refusal to instruct the jury that they had the privilege of recommending a suspension of his sentence. Davis v. State, 93 Texas Crim. Rep., 192, 246 S. W. Rep., 395.

It seems clear that the appellant had made preparations to manufacture whisky at some time in the future, and that the apparatus or articles found in his possession at the time of his arrest were not in a condition to be used for that purpose. That he was in possession of a pint of whisky, explained as this possession was, is not so inconsistent with his innocence and does not point so cogently to his guilt of manufacturing intoxicating liquor as to overcome the presumption of innocence. The facts upon which reliance is had are all circumstantial. In the opinion of the writer, they are not such as to exclude every reasonable hypothesis arising from the evidence save that of guilt.

In dealing with facts, that is, in weighing the sufficiency of the evidence to support the verdict, the precedents are of little value for the reason that each case presents a different state of facts. However, the mere preparation for the commission of the offense, which was not consummated, would not justify a conviction. Cheatham v. State, 57 Texas Crim. Rep., 442; Rasberry v. State, 84 Texas Crim.

Rep., 393; 208 S. W. Rep., 168; Schmidt v. State, No. 8347, not yet reported. Some analogous facts are found in Cramer v. State, 93. Texas Crim. Rep., 226, 246 S. W. Rep., 380; Hardaway v. State, 90 Texas Crim. Rep., 485; Bland v. State, 92 Texas Crim. Rep., 636, 244 S. W. Rep., 1023; Bell v. State, 93 Texas Crim. Rep., 292, 247 S. W. Rep., 284.

Upon the facts before us, we are impressed with the view that the learned trial judge was not warranted in overruling the appellant's motion for new trial. For that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*