S. O. MELTON v. THE STATE.

No. 8463.   Delivered December 10, 1924.

No motion for rehearing filed.

**Manufacturing Intoxicating Liquor—Evidence—Circumstantial—Presumption of Innocence.**

Tested by the law of circumstantial evidence, the facts given in evidence by the state, are not sufficient to overcome the presumption of innocence with which the accused was surrounded by the law of the land.

Appeal from the District Court of Taylor County.   Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty one year in the penitentiary.

*Stinson, Coombs, & Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year:

The evidence is wholly circumstantial.   The facts are not conflicting.   The sheriff and other officers found at the home of the appellant a can, coil and four quarts of corn whiskey.   The coil was in a sack, the whiskey was in bottles, and all were in one box which was setting in one of the rooms of the two-room dwelling occupied by the appellant and his wife.   There were found no other utensils or equipment usable in the manufacture of whiskey.   There was no mash. There was no direct evidence that the articles had been used for distilling purposes, but it was affirmatively shown by the State's testimony that the articles found were not adequate for making whiskey, though with some changes or adjustment they could, if accompanied by other articles, be used for that purpose.   Appellant and his wife testified that they occupied the dwelling mentioned as cotton pickers, and that while hunting in the vicinity they found the articles mentioned hidden in a thicket; that upon finding them, they were carried to their home and placed where they were found by the officers. No use had been made of them, though the appellant's wife said that after she discovered that the bottles contained whiskey, she concluded to use the contents as a lotion for her crippled foot; that she intended to use the can as a container for flour.

The testimony of the appellant and his wife present a hypothesis consistent with innocence, and tested by the law of circumstantial evidence, the facts given in evidence by the State are not sufficient to overcome the presumption of innocence with which the accused was surrounded by the law of the land. Illustrative cases are Hardaway v. State, 236 S. W. Rep. 467; Williams v. State, 227 S. W. Rep. 316, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*