EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS ALFREDO ANAVITATE, acusado y apelante.

No. 3344.—*Visto:* Diciembre 13, 1927. *Resuelto:* Diciembre 24, 1927.

BEBIDAS EMBRIAGANTES—PROCESOS CRIMINALES—DE LA EVIDENCIA—SU SUFICIENCIA—SUFICIENCIA PARA SOSTENER CONVICCIÓN.—La mera presencia de un acusado cerca de un alambique destilando detrás de una casa y el hecho de que él viviera en ella no constituyen una cadena de evidencia circunstancial suficiente para declararle culpable en ausencia de que él ayudara o contribuyera a su funcionamiento o de que fuera el dueño de la casa y de los terrenos en que el alambique fué encontrado.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando al acusado por infracción a la Ley de Prohibición Nacional. *Revocada.*

*Miguel Bahamonde,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El acusado fué convicto por poseer un alambique en contravención a las disposiciones de la Ley Nacional de Prohibición. La única prueba contra él fué la declaración de un policía, quien halló un alambique destilando detrás de la casa de Ramón Camacho, al acusado parado cerca del alambique y que aquél vivía en dicha casa. Es enteramente evidente que estos hechos no constituían una cadena de evidencia circunstancial suficiente para declarar al acusado culpable. Si se hubiese demostrado que el acusado en alguna forma ayudaba o contribuía al funcionamiento del alambique, *Bland* v. *State,* 244 S. W. 1023, sería ésta una circunstancia que bastaría para declararle culpable, pero su mera presencia es consistente con el hecho de que se hallara allí inocentemente por curiosidad o por pura casualidad. Tal vez se presentaría un caso distinto si el acusado hubiese sido el dueño de la casa y de los terrenos en que el alambique fué encontrado.

*Debe revocarse la sentencia apelada y absolverse al acusado.*