**CLARK v. STATE.  (No. 3953.)**

(Court of Criminal Appeals of Texas. Feb. 16, 1916. Rehearing Denied March 8, 1916.)

CRIMINAL LAW ☞448—EVIDENCE—OPINIONS —IDENTITY OF PERSONS.

Where a witness testified that at the time of seeing two persons leave a building he formed no opinion who they were, refusal to permit him to testify as to his conclusion subsequently formed was not error, where the court found that such subsequent conclusion was formed from a process of reasoning and belief based on information subsequently received by the witness.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1035–1039, 1041–1043, 1045, 1048–1051; Dec. Dig. ☞448.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Claude Clark was convicted of burglary, and appeals. Affirmed.

Wynne & Wynne and S. J. Osborne, all of Kaufman, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of burglary, and his punishment assessed at two years in the penitentiary.

The evidence was amply sufficient to sustain the verdict. Appellant claimed and testified that he was in the house alleged to have been burglarized at the time, and stole therefrom certain articles, but he claimed that the brother of the owner of the house admitted him therein, and that they by agreement went therein to gamble. The effect of his testimony and claim was that at the time he entered the house he had no intention to commit any theft or do anything other than gamble with the brother of the owner of the house. The state's case positively disputed the appellant's defense. The court, in a correct, full, and apt charge, submitted all the questions raised to the jury for a proper finding.

Mr. Crittenden in appellant's behalf testified that on the night of the burglary he passed said house, returning from church with his wife, and saw two persons come out of the back of said house, and he was permitted properly to describe these persons fully and how they were dressed. The effect of his description was to describe appellant as one of these parties, and the other as Ben Harris, the brother of the owner of said house. In his direct examination he stated positively that at the time he saw these persons he did not then form any opinion as to who they were. The appellant sought to prove by him that since then he had come to the conclusion of whom they were, and that he would now testify that they were appellant and said Ben Harris. The state objected to this, and the court went into the matter thoroughly, both before the jury and with the jury retired. He attaches as a part of his qualification the whole testimony of the witness in question

and answer form. From it it is clear that the judge was authorized to conclude, as he did, that it was by a process of reasoning from what he afterwards heard, and not what he then knew at the time he saw them, from which he formed his opinion that it was said two persons. And the court, in his qualification, says he excluded the answer of the witness because he did not recognize the parties at the time, and reached the conclusion later that it was them from a process of reasoning or believing based on information subsequently received by him. We think the authorities cited by appellant are inapplicable. This is the only question for decision. The court ruled correctly.

The judgment is affirmed.