## JOHN BRYANT V. THE STATE.

### No. 5225.  Decided December 4, 1918.

**1.—Murder—Evidence—Clothes of Deceased.**

Where, upon trial of murder, the location of the shot holes in the clothing of deceased appeared to have had a material bearing on the controverted issue touching the position of the deceased at the time he was shot, there was no reversible error in permitting the introduction in evidence of clothing of deceased which he wore at the time of the homicide.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the defendant accepted the bill of exceptions as qualified by the court he was bound thereby. Following Exon v. State, 33 Texas Crim. Rep., 461, and other cases.

Appeal from the District Court of Kaufman. Tried below before the Hon. Joel R. Bond.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*S. J. Osborne,* for appellant.—On question of clothes of deceased: Williams v. State, 61 Texas Crim. Rep., 356; Corley v. State, 69 id.,

626; Crenshaw v. State, 48 id., 77; Melton v. State, 47 id., 451; Christian v. State, 46 id., 47; Cole v. State, 45 id., 225.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of murder and his punishment fixed at confinement in the penitentiary for a period of ten years.

The only question raised for review by the record is that involved in the court overruling appellant's objection to the introduction in evidence of the clothing worn by deceased at the time of the homicide. The statement of facts discloses that the appellant was occupying a house upon the farm of deceased, the State's theory and evidence being to the effect that the deceased, while on his way to his field, and while passing near the house occupied by the appellant, was assassinated by the appellant.

Appellant's theory and testimony was that as the deceased walked in front of appellant's house, that appellant remarked: "I see you have your gun now." That deceased was leading a horse, walking in front, and said: "Get back or I will shoot your head off," and raised his gun; that appellant then went in the house, got his gun and walked back to the door, when deceased stepped behind his horse and attempted to draw his gun over the horse's head. The horse reared back, when appellant shot. The appellant said the deceased had his gun in both hands pointing at appellant, and that he was standing in a position that one would stand in trying to shoot.

The physician who attended deceased said that he was shot in the left side with small shot; some took effect behind the arm, some in front of it, and some across his breast; that the shot took effect in the left side, penetrating the skin from about the shoulder to about the waist line; some behind and some in front; some behind the arm, and some close to the arm in front. Those in front appeared to be glancing shot. As to whether there were any directly in the arm, witness had made no close examination and could not state.

The witness Young testified, describing the clothes introduced, and that the shot marks in the pants started above the front left-hand pocket and ranged in behind the left-hand hip pocket; that there were no holes in the shirt under the arm, but there were on top of the arm, on the front of the arm, probably a little on the top of the front of the arm.

The trial judge in qualifying the bill of exceptions stated that the position taken by the State was that the deceased when he was shot was leading a mule with one hand and holding the gun in the other hand, his arm down beside his body, and had gotten just in front, or a little past the door of defendant's house when defendant fired the gun, the shot taking effect more nearly in the back than in front of the side of his body, and on the outside of his arm, and no shot penetrated the body immediately under the arm, or in the under side of the arm. That the defense contended that the deceased's gun was in position to shoot,

his arm raised from the body, and in an entirely different position from that claimed by the State, and that deceased was facing appellant when the shot was fired.

The qualification of the bill is criticised by the appellant, but in the absence of exception to it, brought up in the record, the presumption must be indulged in this court that the explanation was attached with the appellant's approval. The law did not require him to accept a qualified bill. Exon v. State, 33 Texas Crim. Rep., 461; Thomas v. State, 83 Texas Crim. Rep., 325. We have carefully examined the statement of facts, however, and are of the opinion that the court's qualification of the bill is not without support in the evidence. The location of the shot holes in the clothing appears to have had a material bearing on the controverted issue touching the position of the deceased at the time he was shot and relating to the question of whether the homicide was unlawful or justifiable.

The judgment is affirmed.

*Affirmed.*