## Bess Drawhorn v. The State.

### No. 5301.   Decided February 19, 1919.

1.—Assault to Murder—Argument of Counsel—Bills of Exception—Practice on Appeal.

Where the defendant's bill of exceptions to the argument of State's counsel was qualified by the court as being at variance with the court's recollection of the facts, and that he, therefore, made out and filed what the court conceived to be a true and correct bill of exceptions, but the record did not contain any other bill of exceptions, the refused bill will be considered by this court as though approved and filed.   Following Exon v. State, 33 Texas Crim. Rep., 461, and other cases.

2.—Same—Argument of Counsel—Bill of Exceptions.

Where the bill of exceptions to the argument of State's counsel complained that the district attorney in his closing argument stated that defendant had failed to place certain witnesses on the stand to prove his general reputation, but the same bill set out a lengthy denial by the district attorney of having made these statements, there was no reversible error.

3.—Same—Motion for New Trial—Rule Stated.

Where the evidence heard upon motion for new trial is not reserved by bills of exception or otherwise, the same can not be considered on appeal.

4.—Same—Aggravated Assault—Charge of Court.

Where, upon appeal from a conviction of assault to murder, appellant complained that the evidence showed no higher grade of offense than aggravated assault, but the record showed that this matter was fully submitted by the trial court, there was no reversible error.

5.—Same—Motion for New Trial—Bills of Exception.

In the absence of a bill of exceptions to the introduction of statements while defendant was under arrest, the same can not be considered on appeal, as this matter is presented only in the motion for new trial.

6.—Same—Sufficiency of the Evidence.

Where defendant claimed that his gun would not shoot at the time of the alleged assault, but the record showed that he had killed a duck with it the day before, etc., there was no reversible error.

Appeal from the District Court of Henderson.   Tried below before the Hon. John S. Prince.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—In this case appellant was charged in the District Court of Henderson County with the offense of assault to murder and upon trial was convicted and his punishment assessed at confinement in the penitentiary for seven years.

There was no objection in the court below to the indictment or to

anything transpiring upon the trial, as appears from the record, except the complaint made of certain statements attributed to the district attorney in his closing remarks to the jury. This objection is presented to this court by appellant's bill of exceptions No. 1. An examination of this bill discloses that the court made the following order upon the same: "This bill of acceptance is refused, because it in nowise presents the matters as I recollect that they occurred and being so different and so much at variance with the court's recollection of the facts that I have made out and filed what I conceive to be a true and correct bill of acceptance correctly presenting just what did occur and nothing more."

In view of this order we have carefully examined the record but find no other bill of exceptions than this one and under the ruling heretofore made by this court and under the statute, it being the duty of the trial court to file and present a correct bill of exceptions, in the absence of same the refused bill will be considered as though approved and filed. Exon v. State, 33 Texas Crim. Rep., 461; Butler v. State, 64 Texas Crim. Rep., 482, 142 S. W. Rep., 904. We have therefore considered this entire bill of exceptions as though the same had been approved, and observe that it consists of a statement setting forth remarks attributed to the district attorney in his closing argument as to the failure of appellant to put witnesses on the stand to prove his general reputation; but we also observe that said bill sets out, as a part thereof, a lengthy statement of the district attorney in which he denies having made the statements set out in said bill by appellant as having been made by him, and also states fully what was said by him, and under such statement no reversible error is shown. Both these statements appearing in this bill and we being compelled to take same as it appears in the record, we are unable to determine which one of said statements is correct, and therefore can not say that any error was committed as to the matter set forth.

This same matter is set up by appellant in his motion for new trial and upon a statutory traverse of this ground of the motion by the district attorney the court, after hearing evidence thereon, overruled said motion. The evidence heard with relation thereto is not preserved or presented by any bill of exceptions and we are unable to see any error in the court's action.

Appellant further complains because the evidence shows guilt of no higher grade than that of aggravated assault. This matter was fully submitted to the jury by the trial court and there is ample evidence in the record to sustain their finding.

Complaint is made also of the fact that a certain witness was permitted to state what the appellant told him while under arrest, but as this matter is presented only in the motion for new trial and no bill of exceptions was preserved to the court's action we can not consider same.

The only remaining ground of objection was that the appellant's gun

was "lame" and would not shoot at the time of the alleged assault. This contention is not borne out by the record as appellant himself testified that he had been hunting with the gun in the same condition that it was when it was snapped by him in the face of the arresting officer. He also states that he had put two shells in the gun the day before of the same kind and that with one of them he killed a duck and was just in the act of starting hunting with this gun at the time this difficulty occurred.

Finding no error in the record the judgment of the lower court is affirmed.

*Affirmed.*