## Pleas Emery v. The State.

### No. 7523. Decided October 10, 1923.

#### 1.—Manufacturing Intoxicating Liquor—Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the State's witness was permitted to testify that in his judgment the two negroes he saw coming from defendant's house were the same negroes he saw at the still, and it was apparent that this was a subsequent identification based upon a process of reasoning from what afterwards occurred, the same is reversible error. Following Clark v. State, 79 Texas Crim. Rep., 197.

#### 2.—Same—Requested Charges—Statutes Repealed.

Where the defendant requested charges that before the jury could find him guilty it must be shown that he actually manufactured the liquor, and not the mere attempt to do so, and that the possession of the equipment for such manufacture was not an offense at the time, the same should have been given, and refusal to do so is reversible error, under the facts in the instant case. Following Hardaway v. State, 90 Texas Crim. Rep., 485, and other cases.

#### 3.—Same—Argument of Counsel.

In the absence of any facts in the record which would authorize the remarks of State's counsel, the same should not have been indulged in, and was error.

Appeal from the District Court of Morris. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The oinion states the case.

*French & Price* for appellant. Cited cases in opinion.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor, with a punishment of one year in the penitentiary.

The officers in company with others were searching for whisky stills. Smoke was detected at a point several hundred yards from appellant's house. Two negroes were seen at this place by some of the party. They were wearing brown caps. Upon discovering the officers they ran away. In a few minutes the officers reached the place. A copper pot with fire under it and mash in it, and a cooling keg were found, and near by two barrels containing mash were discovered. There was no cap on the pot, and no worm was attached, and after diligent search none could be found; no whisky was at or about the place, and if any receptacle which appeared ever to have contained whisky was found no mention is made of it in the record. The proof is that the equipment could not be used for manufacturing whisky without the aid of a "worm," but that this was indispensible, and without it whisky could not have been made. The equipment was not on appellant's land, but a well defined trail led from it to his residence. The officers found the fresh tracks of two men, apparently made while running, leading from the still to the residence. Two dogs were about the still when the officers reached the place; some one at or in the direction of the residence called and the dogs went in that direction and were in a short time seen by the officers in the yard; they belonged to appellant's children. The negroes were not seen by the officers going towards the house when they disappeared from the still. Some thirty minutes later appellant and another negro (Willard Wright) were seen coming from the direction of the house, traveling at such an angle as would have taken them some one hundred yards from the still had they passed it. They were both wearing brown caps, and the tracks then made by them corresponded generally with those leading from the still, but no comparison by measurements were made. Appellant denied any knowledge of the still or connection with it. He denied that he and Wright were at the still when the officers discovered it and supported this contention by other witnesses.

It is urged that the court committed error in permitting witness Daniels to testify that in his judgment the two negroes he saw coming from appellant's house were the same negroes he saw at the still. It is admitted that the two negroes coming from the direction of the house subsequent to the discovery of the still were appellant and Willard Wright. If a witness has prior acquaintance with a party he may state that in his best judgment it was this party seen by him on a certain occasion; or if he has no former acquaintance but sees the party not then known by him do a certain act he may testify that he subsequently recognizes the party as the same person. We understand from the record that Daniels had no former acquaintance with appellant or Wright; that he was some seventy-five yards from the parties seen by him at the still and only knew they were negroes wearing brown caps. It is apparent that his subsequent identification of them is based on a process of reasoning from what afterwards occurred. He testified:

"—I will tell this jury that the only reason why I think Willard and Pleas were the negroes I saw at that still, is because of the brown caps they were wearing, the similarity of the caps and because of the dogs being there. I have no other reason at all. Just the circumstance of the caps, the circumstance of the dogs and the circumstance of the similarity of the tracks Willard and Pleas made being like those that led away from the still. That is the reason it is my judgment they were the negroes I saw at the still. I don't swear they are the ones, I just said I thought so; I thought the two men I saw at that still was Pleas Emery and Willard Wright because of these circumstances."

The rules permitting witnesses to give opinions upon questions of identity of persons are liberal; (Underhill's Cr. Evidence, 3d Ed., Sec. 108; Wharton's Crim. Evidence, 10th Ed., Sec. 940) but there are certain limitations beyond which it is not safe to go. The facts appear to bring this case within the rule announced in Clark v. State, 79 Tex. Crim. Rep., 196, 183 S. W. Rep., 437. The identity of appellant was one of the sharply drawn issues. The opinion stated by the witness was nothing more than his deductions from the circumstances in evidence which should properly have been left to be drawn by the jury.

Appellant requested the court to charge in substance that, before he could be found guilty the jury must find from the evidence beyond a reasonable doubt that he manufactured intoxicating liquor on or about the date alleged in the indictment; that it was not enough for the state to prove that he was attempting to manufacture such liquor, but it must establish that such intoxicating liquor was actually produced and manufactured by him. He also requested an instruction that possession of equipment for the manufacture of

intoxicating liquor was not an offense and if the jury found that
he was in possession of such equipment they should consider it only
upon the issue as to whether he actually manufactured liquor at the
time alleged, and that the mere intent and preparation for the manu-
facture of the same did not constitute the offense charged in the
indictment. The special charges were refused and exceptions proper-
ly reserved. We believe under the peculiar facts of this case the
learned trial judge fell into error in not submitting the charges
substantially as requested. At the time of the transaction inquired
about it was not an offense under our law to possess equipment for
the manufacture of intoxicating liquor. By all the evidence from
the state's witnesses it is shown that the equipment found at the
time of the raid was insufficient for the purpose of completing the
manufacture because of the absence of the "worm" and no top
being upon the still. No whisky was found by the officers and no
receptacle which apparently had contained whisky. The state rested
its case upon the theory that when appellant and his co-actor Wright
were discovered at the still they dismantled it, removing the top and
detaching the worm, and secreted them where they could not be
found by the officers. The state sought to support this theory by
proof of circumstances of more or less cogency but the issue re-
mained that if appellant was only in preparation for the manufacture
of liquor, or was attempting to manufacture it with an equipment
insufficient for the purpose, he would not be guilty of the offense
charged. While ordinarily it might not be necessary for the court
to embrace in his charge an instruction upon this issue we are of
opinion it should have been given in the instant case and that its
omission was injurious to appellant. Hardaway v. State, 90 Tex.
Cr. Rep., 485, 236 S. W. Rep., 467; Cramer v. State, 93 Tex. Cr.
Rep., 226, 245 S. W. Rep., 380.

Complaint is made of the argument of the district attorney in
which he told the jury that —

"—if you believe this man is guilty as strong as Mr. Ponder and
Mr. Mancie Daniels believe him guilty, then if you do not convict him
you will lose your self-respect."

Mr. Ponder was sheriff of the county and testified as a witness in
the case, as had also Mr. Daniels. In approving the bill certain
argument by appellant's attorney is recited in which he pointed out
the insufficiency of the evidence to identify appellant. It was the
opinion of the learned trial judge that the argument complained
of was in reply to this statement of appellant's attorney. We have
not been able to reach this conclusion from an inspection of the bill
and believe this argument ought not to have been indulged in. It
was not a question what the sheriff or other witnesses might believe
about the guilt of appellant, but as to the conclusion reached by the

jury from all the evidence. Complaint is also made of a statement by the district attorney in his argument that appellant.

"is an old wild-catter, an old distiller, etc." We find no facts in the record which would authorize such a conclusion by the attorney representing the state and believe the argument should not have been indulged in.

Other questions are raised by the record which we deem it unnecessary to discuss believing the matters complained of present no error or that they will not likely occur upon another trial.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*