WILLIAM SCHMIDT v. THE STATE.

No. 8347.    Decided April 2, 1924.

1.—Manufacturing Intoxicating Liquor—Defensive Theory—Charge of Court.

Where the court charged the jury that if defendant manufactured whisky he should be found guilty, and the requested charge submitted the converse of this proposition arising from the State's evidence, namely, that appellant, although he may have designed to commit the offense and prepared therefor, that he had not accomplished the criminal act, he should be

acquitted, it was reversible error not to have submitted the requested charge. Following: Cheatham v. State, 57 Texas Crim. Rep., 442, and other cases.

2.—Same—Acts of Defendant—Arrest.

The acts which defendant did after his arrest and upon direction of the officers cannot be made the basis of this conviction. His guilt must be tested by the things which he did of his own volition and not those that were done under the direction of the officers, and the jury upon request should have been so instructed, and the failure to do so is reversible error.

3.—Same—Record on Appeal—Bills of Exception—Practice in Trial Court

The practice governing the preparation and presentation of bills of exception has been the subject of discussion by this court in a number of opinions to which reference is hereby made. Following: Exon v. State, 33 Texas Crim. Rep., 461, and other cases.

Appeal from the District Court of Jefferson. Tried below before the Honorable George C. O'Brien.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Howth & O'Fiel, M. G. Adams, Lamar Hart* and *John T. Kitching,* for appellant.—On question of mere preparation for criminal act: Emery v. State, 254 S. W. Rep., 957; Cramer v. State, 246 id., 380; Hardaway v. State, 236 id., 467.

On question of declaration of defendant under arrest: Melugin v. State, 242 S. W. Rep., 1057.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The premises of the appellant were searched, and in his dwelling house were found a number of labels of various brands of whisky. In an outhouse were also found a still, several barrels of mash, 100 pounds of sugar, and a number of bottles and jugs. The still was complete and there was fire under the boiler. No liquid was running from the still. It was not hot enough to boil. Appellant was in his dwelling-house when the officers arrived. After their arrival, they caused him to "screw the cap down." "The cap was on but wasn't screwed tight." "It is customary not to screw them down until the stuff is hot." It was not making whisky in the state it was then in, but it would make it. The officer said: "We called him (appellant) to the barn and he came on out." "The top was not screwed down until he came." Appellant was told by one of the officers to

screw it down, and in obedience thereto and in their presence he screwed it down. The officers then waited a while and whisky began to run from the still. They placed a bottle under it, and then remained until a quart of whisky was run into the bottle from the still.

The court submitted the case to the jury and embraced in his charge an instruction upon the law of circumstantial evidence. There were some objections to the charge; also some requested special charges which were refused. One of these read thus:

"You are instructed that although one may intend to manufacture intoxicating liquor and prepare to do so and secure the necessary equipment used in the manufacture of intoxicating liquors, yet if before there is actually intoxicating liquors manufactured, he is, for any reason interrupted and fails to accomplish his object he is not guilty of any offense.

· Therefore I charge you that although you may believe from the evidence beyond a reasonable doubt that the defendant owned and possessed the equipment testified about by the State's witnesses and erected and installed the same for the purpose of manufacturing intoxicating liquors and really intended to manufacture the same, yet you cannot find the defendant guilty unless you further believe from the evidence beyond a reasonable doubt that he actually accomplished his object and did actually manufacture intoxicating liquors, or from the result of his labors he obtained whisky capable of producing intoxicating liquors, you will find him not guilty and will acquit him; and in this connection I further charge you that if the defendant had intended to manufacture said whisky but upon the arrival of the officers he then changed his mind and would not have manufactured the same, then he would not be guilty if he did actually manufacture the same under the compulsion or at the instance of the officer then holding him under arrest, or if there is a reasonable doubt thereof, you will acquit the defendant."

The court's charge embraced no defensive theory. In it the jury is told that if appellant manufactured whisky, he should be found guilty and his punishment assessed at confinement in the penitentiary. The special charge requested would have been appropriate in submitting the converse of this proposition and to submit the defensive theory arising from the State's evidence, namely, that the appellant had designed to commit the offense and had prepared himself to do so, but that he had not accomplished the criminal act denounced by that phase of the statute with the violation of which he was charged. It is obvious that it is the commission of the act which is punishable and not the mere intent or preparation. One may design to commit murder and prepare himself and even lay in wait for his victim, and yet fail by reason of interruption or change of mind to slay his victim, he would not be guilty of homicide.

Cheatham v. State, 57 Texas Crim. Rep., 442; Rasberry v. State, 88 Texas Crim. Rep., 13, 20 S. W. Rep., 168.

The principle stated has application to offenses of the nature of that with which the appellant is charged, and upon similar facts such a charge as that refused has been held appropriate. Emery v. State, 95 Texas Crim. Rep., 336, 254 S. W. Rep., 957; Hardaway v. State, 90 Texas Crim. Rep., 485. In the present case, the evidence fails to show that at the time the officers arrived there was any intoxicating liquor upon the appellant's premises. There was no direct testimony that he had at any time manufactured or had upon his premises any intoxicating liquor. The evidence of whisky on the premises which entered into the trial is conclusively shown to have been that which was run from the still after both the still and the appellant came into the possession of the officers; and under the direction of the officers the appellant had adjusted the still by screwing down the top so that it would perform its function. The acts which appellant did after his arrest and upon direction of the officers cannot be made the basis of his conviction. His guilt must be tested by the things which he did of his own violation and not those that were done under the direction of the officers. Upon the request of the appellant, the jury should have been so instructed. The request which was refused would have accomplished this purpose.

There are other questions presented in the record, but their discussion is not deemed necessary or expedient.

The record reveals an unhappy controvery between the counsel and the learned trial judge touching the allowance of the bills of exception. The practice governing the preparation and settlement of bills of exception was the subject of discussion by this court in the opinion in the case of Exon v. State, 33 Texas Crim. Rep., 461; Thomas v. State, 83 Texas Crim. Rep., 325; Bryant v. State, 84 Texas Crim. Rep., 343; Drawhorn v. State, 84 Texas Crim. Rep., 601; Rodgers v. State, 91 Texas Crim. Rep., 44; Rosa v. State, 86 Texas Crim. Rep., 646, 218 S. W. Rep., 1056. Others may be cited. However, those to which we have adverted should leave no room for controversy concerning the reciprocal rights and duties of court and counsel with reference to the preparation, presentation and modification of bills of exception, and the preparation of bystander's bills.

The errors pointed out require a reversal of the judgment. It is so ordered.

*Reversed and remanded.*