### BURETTE DEAL v. THE STATE.

No. 8666.   Delivered Jan. 28, 1925.

**Manufacturing Intoxicating Liquor—Evidence Insufficient.**

The evidence in this case, which is wholly of a circumstantial character, is not of sufficient probative force to support the conviction. The judgment is therefore reversed and the cause remanded.

Appeal from the District Court of Eastland County. Tried below before the Hon. E. A. Hill, Judge.

Appeal from a conviction for unlawfully manufacturing intoxicating liquor; penalty, one year in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

A witness went to the premises of the appellant and found two barrels of mash buried in the ground in the smoke-house upon the premises. An examination was made shortly after a rain and some twelve or fourteen feet from the smoke-house, there was mixed with the earth some old mash. This was refuse after the distilling process had been gone through. The mash in the barrels had meal and sugar in them and tasted sweet. It was not sour. The mash was of a type from

which whisky could be made. The appellant was not upon the premises at the time. The witness who made the examination, an officer, afterwards saw a man riding horseback whom he took to be the appellant. He followed the horse tracks into the woods. He did not see the appellant. Some of the mash was taken by the officers but was not produced upon the trial or analyzed.

Another witness testified that the stage in which the mash was found rendered it unsuitable for making whisky. It was very sweet and was not fermented.

Still another witness for the State testified that the appellant had never been seen in the possession of a still but had been seen hauling some barrels in a wagon. The witness hailed him. Appellant got out of the wagon and said he would come and talk to the witness, and did so. The witness did not know the contents of the barrels. A witness said that he had had a conversation with the appellant in which he said that officers had come to his place and found some dope and that as he came from Nimrod he met the officers; that he did not want to be arrested and for that reason did not remain at home.

Appellant introduced witnesses to the effect that the mash was suitable for and was used for the purpose of making a beverage called "corn beer" which was non-intoxicating.

Deeming the evidence insufficient to support the verdict, the judgment is reversed and the cause remanded. See Schmidt v. State, 97 Texas Crim. Rep., 197; Emery v. State, 95 Texas Crim. Rep., 336; Hardaway v. State, 90 Texas Crim. Rep., 485.

*Reversed and remanded.*