**Charles H. POLK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47222.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Ralph W. Nichols, Fort Worth, for appellant.

Tim Curry, Dist. Atty., T. J. Haire, Jr., T. E. Thompson, and W. A. Knapp, Asst. Dist. Attys., Ford Worth, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery with firearms;  the punishment, thirty (30) years.

Appellant challenges the sufficiency of the evidence to support the conviction.

Leonard White testified that he was the manager of the Zip In Grocery located at 3901 Miller Street in Fort Worth.  On Saturday, February 26, 1972, at approximately 8:45 P.M., two men entered the store and placed sawed off shotguns in the face of White and his employee, Bud Bea-

---

ver. The taller of the two men, whom White identified as the appellant, demanded that White open the cash register and the safe. After both the cash register and the safe were open, the appellant took the money out of the safe and the other man took the money out of the cash register. Approximately $139.00 in cash and $97.00 in food stamps were taken. There was a motion picture camera on a wall in the grocery store which took pictures of the robbery. When appellant noticed this, he aimed his shotgun at the camera and shot a hole in it. White testified that the reason he was so positive that appellant was one of the robbers was that he had seen the appellant previously on numerous occasions.

Bud Beaver corroborated White's testimony concerning the robbery, although he was not able to positively identify appellant as one of the robbers. He did testify, however, that appellant resembled one of the robbers.

Appellant's defense was alibi. This defense was rejected by the jury. In view of White's positive identification of appellant as one of the robbers, we conclude that the evidence is sufficient to support the conviction.

Appellant introduced the motion pictures of the robbery in evidence and they were shown to the jury. The record reflects that the facial features in the film could not be distinguished.

■ In rebuttal, the State called Fort Worth police officer J. D. Johnson who testified that he had viewed the film of the robbery numerous times. He also testified that on several different occasions he had the opportunity to observe appellant's movements and watch him walk. He was then asked as to whether or not he had an opinion as to whether the movements of one of the robbers in the film were the same as those of appellant. Appellant objected on the grounds that a proper predicate had not been laid to show that Johnson was qualified to judge bodily movements and that there was no showing as to his prior experience "along that line or anything of that nature." This objection was overruled. Johnson then testified that they were the same or similar.

Appellant contends that the trial court's allowing Johnson to give his opinion as to the similarity in movements between the robber and the appellant constituted reversible error. We do not agree.

■ No expertise is required to voice an opinion as to identity of persons. Harris v. State, 62 Tex.Cr.R. 235, 137 S.W. 373; see also Perry v. State, 69 Tex.Cr.R. 184, 155 S.W. 263; McCormick and Ray, Texas Evidence, Section 1435. In Emery v. State, 95 Tex.Cr.R. 336, 254 S.W. 957, it was stated that rules permitting witnesses to give opinions upon questions of identity of persons are liberal. In *Emery*, it was held error for a witness to express an opinion as to identity where his opinion was nothing more than his deductions from the circumstances in evidence which should properly have been left to be drawn by the jury. The officer-witness in the instant case had some special opportunity to inform himself on the matter necessary for a nonexpert witness to express an opinion, 23 Tex.Jur.2d, Evidence, Section 458, having testified that he had viewed the films of the robbery numerous times, and that on several different occasions he had the opportunity to observe appellant's movements and watch him walk.

While the predicate leaves something to be desired, we conclude that the admission of the officer's opinion as to the identity of appellant does not require reversal and that appellant's objection went to the weight rather than the admissibility of the evidence.

The judgment is affirmed.

Opinion approved by the Court.