### BUD TAYLOR V. THE STATE.

No. 9949.   Delivered March 24, 1926.

1.—Possessing Equipment, Etc.—Evidence—Held Insufficient.

Where, on a trial for possessing equipment, the evidence of the state shows that officers searched the premises of appellant, and found thereon two lard cans containing a substance having the appearance of mash, also a five-gallon lard can, with a hole in the top about the size that would permit a pipe to be inserted in it. No other appliances were found, nor was any whiskey found. After his arrest, appellant was struck and knocked down by Officer Thompkins, who with drawn pistol demanded that appel-

lant show him the "worm." Appellant was then taken to the house of
Lafe Fly,\ about 100 yards distant, where they found a piece of pipe with
a crook in it in some bushes.    This evidence is not sufficient to sustain
the conviction.    See Thomas v. State, 89 Tex. Crim. Rep. 106.

**2.—Same—Charge of Court—Defensive Theory—Improperly Refused.**

Where the evidence disclosed the finding of two cans containing a
substance supposed by officers to be mash, and there was testimony that
this article was possessed by appellant for the purpose of feeding his hogs,
it was error for the trial court to fail to affirmatively submit this defense
to the jury.

**3.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exception complaining of the comment of the state's
attorney upon some excluded testimony, does not clearly show whether
the complaint was directed toward the excluded testimony, or toward testi-
mony coming from the accused, nothing is presented for review.

Appeal from the District Court of Cherokee County.    Tried
below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for possessing equipment for the
manufacture of intoxicating liquor, penalty one year in the
penitentiary.

The opinion states the case.

*John B. Guinn* of Jacksonville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,*
Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful
possession of equipment for the manufacture of intoxicating
liquor; punishment fixed at confinement in the penitentiary for
one year.

·Three officers, Adams, Brewer and Thompkins, searched the
premises of the appellant, who was a "share-cropper" upon
the premises of one Mayfield.    Another negro by the name of
Lafe Fly was also a cropper upon the premises, the distance
between his dwelling and that of the appellant being some 500
yards.    As we understand the record, there was found upon
the premises of the appellant two lard cans containing a sub-
stance having the appearance of mash.    One of the officers gave
the opinion that it was mash, though he said he did not taste
or analyze it and was not able to say that it was mash capable
of being made into whiskey.,    There was also found upon the
appellant's premises a five-gallon lard can with a hole cut in
the top of it, which hole was about the size that would permit
a pipe to be inserted in it.    This can had the appearance of not.

having been in recent use, and there was some smoke upon it, indicating that it had had fire about it at some time. No other appliances for making whisky other than those mentioned were found upon the premises; nor was there any whiskey found, nor any other circumstances upon his premises indicative of the manufacture of whiskey thereon.

After completing the search of the appellant's premises and failing to make other discoveries than those mentioned, Thompkins, one of the officers, drew his pistol, pointed it at the appellant and struck him a lick, knocking him down. The blow was not struck with the pistol, however. Before striking him, a demand was made upon the appellant to be shown the "worm." Appellant disclaimed the possession of a "worm" and accompanied the officers to the premises of Lafe Fly, and there, after a search in the bushes, was found at a point some distance, estimated from 50 to 150 yards from Fly's house, a piece of pipe "with a crook at the end of it." This the officers assumed to be usable in the making of whisky. Upon Fly's premises there was also found a can.

Appellant and his wife testified that no whiskey had ever been made by them upon their premises, and that the substance in the cans was hog feed. They each testified also that before the appellant went with the officers to the premises of Fly, besides being knocked down, he was taken into the barn and whipped with something that came off of an automobile casing. The two officers who testified said they did not see the appellant whipped. Officer Thompkins did not testify.

Mayfield testified to circumstances negativing the use of the premises for the manufacture of whiskey, or the possession by the appellant of appliances for that purpose; also that the mash was hog feed which appellant had purchased with money furnished him by the witness.

We are of the opinion that the evidence is not sufficient to overcome the presumption of innocence. It fails to show that the appellant possessed equipment for the manufacture of intoxicating liquor. The most that can be said is that he possessed articles which, together with those found upon the premises of Fly, could be used for making whiskey, but the officers did not go to the extent of giving the opinion that the articles found would alone be sufficient to make a still or to make whiskey. See Thomas v. State, 89 Texas Crim. Rep. 106.

There is affirmative testimony to the effect that the substance having the appearance of mash found upon the premises of the appellant was possessed by him for the purpose of feeding his hogs. The requested charge to the effect that if the jury

believed that he possessed it for that purpose, or had a reasonable doubt upon that subject, there should be an acquittal, we think should have been read to the jury.

There are two bills of exception to the receipt in evidence of some declarations imputed to the appellant by the officers made while he was under arrest. In the state of the record we are not able to determine from the bills whether this testimony was elicited by the state or voluntarily given by the appellant.

There is also a bill complaining of the comment upon some excluded testimony which bears upon the same subject above mentioned, touching which this court finds itself unable to determine whether the comment was upon the excluded testimony or upon testimony coming from the accused.

For the reasons stated above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*