## ANDY LAY v. THE STATE.

No. 16543. Delivered March 21, 1934.
Rehearing Denied April 11, 1934.

The opinion states the case.

*Wm. McMurrey,* of Coldspring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

LATTIMORE, JUDGE.—Conviction for possessing equipment for the manufacture of intoxicating liquor; punishment, one year in the penitentiary.

A still and equipment for the manufacture of intoxicating liquor were located by officers. They watched same, and appel-

lant was observed to be at and around the still on four different occasions. There were six barrels of mash, a cooker, cooler and a copper tube. From where the officers were located they could hear appellant moving around at the still but could not tell what he was doing. The testimony showed that the mash was nearly ready to be cooked; a witness said it was about ripe. The officers testified that while appellant was there they could hear the barrel tops being moved. On the fourth occasion of appellant's visit to the still, the officers went up. Appellant said "It looked like a poor man couldn't have something to make a little money with without being bothered." There was a road coming down from the direction of appellant's home, and at a point near the still a trail left the road and went out to the still. Each time appellant was seen he appeared to be coming directly from his home down to the still. Appellant testified that he was hog hunting and found the six barrels of mash. He denied having any connection with them. He admitted that he went back to the place on several subsequent visits and that he drank some of the liquid. He admitted that he could not tell how many times he had been over to the place, but said his purpose in going there was to drink what he wanted for the time being. The State, in rebuttal, introduced a witness who testified that when they arrested Mr. Lay on the occasion of their fourth observance of him at the still, he told them that it was the first time he had been there. At the request of appellant a special charge was given telling the jury that if the State had not produced sufficient evidence to show appellant's guilt, they should acquit.

There is but one bill of exceptions, and this complains of the refusal of a peremptory instruction to acquit. We think it was properly refused. We are not able to say that the record is without sufficient testimony to justify the jury in believing appellant to be the party in possession of said still.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews the insistence in his motion for rehearing that the evidence is not sufficient to support the conviction. We have again carefully examined the statement of facts and are not able to agree with appellant. Officers had watched the still for four days and saw appellant go to it on each day; upon the last occasion when they made their presence known appellant said, "It looks like a poor man couldn't have something to make a little money with without being

bothered." One of the officers testified that based on his knowledge he would say that the still and equipment, and barrels of mash, to which appellant had made four trips was suitable for the manufacture of intoxicating liquor. It is further apparent that appellant had no knowledge that he had been seen on three previous occasions going to this still by the officers and upon his fourth trip there and at the time he was arrested the officers testified that appellant told them that was the first time he had ever been to the still. The jury was warranted in not accepting appellant's statement that he had found the still, mash and eqiupment accidentally while hunting hogs, and that he had no further connection with it, save to go back with a neighbor for the purpose of getting some of the mash from one of the barrels to drink.

In his contention that the evidence fails to show that the mash and equipment was sufficient with which to manufacture intoxicating liquor appellant relies upon Thomas v. State, 89 Texas Crim. Rep., 106, 230 S. W., 156, and Taylor v. State, 103 Texas Crim. Rep., 623, 281 S. W., 547. In the Thomas case it will be noted that the reversal was not based upon a holding that the evidence was insufficient to show the possession of equipment, for upon that point we specifically stated that no opinion was expressed; the reversal was predicated upon the fact that it was not shown that such possession was for the manufacture of intoxicating liquor for unlawful purposes. In the Taylor case part of the equipment was found in appellant's possession and part of it at an entirely different place. That part found in appellant's possession was not sufficient for the purpose of manufacturing intoxicating liquor and for that reason the Taylor case was reversed. We do not think they have application under the facts of the present case.

The motion for rehearing is overruled.

*Overruled.*