EARL GILBERT V. THE STATE.

No. 17150. Delivered January 9, 1935.
Reported in 77 S. W. (2d) 1048.

516

The opinion states the case.

*L. H. Welch*, of Breckenridge, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully manufacturing spirituous liquor capable of producing intoxication, and his punishment was assessed at confinement in the State penitentiary for a term of one year.

The record discloses that on or about the 30th day of March, A. D. 1934, the sheriff of Stephens County, accompanied by three of his deputies, located two stills on the property of the appellant. The stills at the time were in operation but no one was at or about the same. The officers secreted themselves and waited for developments. In about thirty minutes three men, including the appellant, and a woman came to the still in an automobile to which was attached a trailer and the trailer was loaded with six one-hundred pound bags of sugar, and seven 10 gallon kegs, which they unloaded near the stills and in which the appellant assisted. The appellant and one Taylor inspected the kegs into which the whisky was run from each still. Taylor said, "This one has made about five gallons since we left here," and appellant remarked, "This one has too." When the officers emerged from their hiding places, the appellant and Taylor ran while the woman and the other young man made their escape in the car. The appellant and Taylor were pursued and arrested. The officers also found near the stills approximately 1200 gallons of mash in barrels which were stored in pits. The appellant testified in his own behalf that he had the premises leased; that he did not know the stills were there; that he had never been up in that end of the pasture; that on the day he was arrested at the stills he had started to the pasture to put some stray cattle out of it and that in going to the pasture these other parties came along with the car and trailer,

invited him to ride with them, which he did, and that is how he happened to be at the stills at that time.

By bill of exception No. 1 the appellant complains of the action of the trial court in declining to submit to the jury his requested special charge to the effect that the burden was on the State to show that the defendant exercised control, care and management over the stills in question. The court in his main charge, after instructing the jury on the law of principals, further instructed them as follows: "You are further charged that if you find and believe from the evidence in this case that the defendant, Earl Gilbert, had no knowledge of the still in question being operated at the time and place it was, and at the time he rode down to the still, that he had no interest in the still and took no part in manufacturing the whisky then being manufactured, or, if you have a reasonable doubt as to such facts, you will acquit the defendant and say by your verdict 'not guilty.'"

We do not believe that the court committed any error in declining to submit to the jury appellant's requested special charge because the court had fully instructed the jury that if the appellant had no knowledge of the stills in question being operated at the time and place they were, that he had no interest in the stills and took no part in the manufacturing of the whisky, or, if they had a reasonable doubt thereof, they should acquit the defendant. We feel that this charge fully protected the appellant's legal rights on that question. No objection was made to the court's charge for failing to more fully and affirmatively present the appellant's defense raised by the testimony. In support of what we have said we refer to the case of Kimbro v. State, 99 Texas Crim. Rep., 535; Lay v. State, 70 S. W. (2d) 179.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

HAWKINS, J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.